**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| TRAVIS REED, <br><br> Plaintiff, <br><br> vs. <br><br> ALLSTATE INSURANCE COMPANY, a foreign corporation; and DOES I through X; and ROE CORPORATIONS I through X. <br><br> Defendants. | Case No. 2:15-cv-01759-GMN-VCF <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 20) filed by Defendant Allstate Insurance Company ("Defendant").  Plaintiff Travis Reed ("Plaintiff") filed a Response (ECF No. 26), and Defendant filed a Reply (ECF No. 33).  For the reasons addressed below, the Court **Grants** Defendant's Motion to Dismiss.

**I.     BACKGROUND**

Plaintiff alleges that Defendant negligently or willfully reported an insurance claim against his Pahrump property so that it appeared on Plaintiff's Comprehensive Loss Underwriting Exchange ("CLUE") report and/or Property Claim History Report. (Compl. ¶ 6, ECF No. 1-2).  Plaintiff's mother-in-law, Ruth Newberry, made the actual claim regarding a burglary that occurred on her Las Vegas property on March 13, 2013. (*Id.* ¶¶ 4–5).  Ruth Newberry attempted to resolve the issue for Plaintiff but was informed by Defendant on July 26, 2013 that "[n]o information is on file on [Ruth Newberry's] report for the Pahrump address. [Travis Reed] would need to contact his own carrier to investigate his report." (*Id.* ¶ 8). Plaintiff's insurance carrier at the time was Farmers' Insurance. (*Id.* ¶ 6).

In March of 2014, Farmers' Insurance allegedly notified Plaintiff that due to the burglary on his report, it would not renew his homeowner's insurance. (*Id.* ¶ 10). Plaintiff does not allege that he disputed the claim with his insurance carrier at any time and instead contacted Defendant. (*Id.*). Plaintiff sent a letter to Defendant on March 14, 2014, making multiple allegations and requests. (*Id.* ¶ 11). Specifically, he alleged that "[Ruth Newberry] received a letter for [sic] Allstate executive assistant Karen Henrich stating that the clue [sic] report was correct and there was no entry on the [Pahrump] address." (*Id.*). Moreover, he alleged that Farmers' Insurance "would be not renewing [his] homeowners [sic] policy due to claims for losses against [the Pahrump] property." (*Id.*). He mentioned that multiple insurance carriers had informed him that "there [was] an entry for a loss on the CLUE report for theft." (*Id.*). He demanded that Defendant correct the issue. (*Id.*). On March 27, 2014, Defendant issued a letter in response to Plaintiff's inquiry which read:

> Thank you for your correspondence with our Executive Office. Your concerns are important to us. Numerous attempts to reach you [by telephone] have been unsuccessful. Please be advised that we have provided a correction form and forwarded to [sic] CLUE on your behalf. This typically takes about 30 days for CLUE to correct the claim information in their records. If you need us to investigate further, please provide us a copy of your CLUE report.

(*Id.* ¶ 12).

Plaintiff does not indicate that he disputed the discrepancy with CLUE nor did he contact the Defendant after receiving the letter. Plaintiff further alleges that his "CLUE Report and/or Property Claim History Report, dated April 3, 2015, still reflect[ed] the theft," attaching a copy of a "Property Claim History Results" or "A-PLUS" report generated by Insurance Services Office. (*Id.* ¶ 15; Ex. 5 to Compl., ECF No. 1-2). Furthermore, Plaintiff claims that in May 2015, he was notified that his homeowner's insurance would increase from $935 to $1,800 annually. (Compl. ¶ 14).

On July 1, 2015, Plaintiff filed a Complaint in state court against Defendant. (*See* Compl.). Plaintiff's Complaint alleged four causes of action: (1) negligence; (2) intentional, fraudulent, or negligent misrepresentation; (3) false light; and (4) defamation. (*Id.* ¶¶ 17–47). Shortly thereafter, on September 14, 2015, Defendant removed the action to this Court.

## II.     LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id*. Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of

"matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.   DISCUSSION

Defendant argues that Plaintiff's negligence, false light, and defamation claims are preempted by the Fair Credit Reporting Act ("FCRA"). (Mot. Dismiss 1:24–25, ECF No. 20). Defendant further argues that Plaintiff's intentional, fraudulent, or negligent misrepresentation claim fails because the allegations are disproved by a letter attached as an exhibit to Plaintiff's Complaint. (*Id.* 7:1–3). These claims will be addressed in turn.

**A. Preemption by FCRA**

As to Plaintiff's negligence, false light, and defamation claims, Plaintiff generally alleges that Defendant improperly reported an insurance claim against his property to CLUE, and when Plaintiff notified Defendant of the error, Defendant failed to correct the entry, resulting in Plaintiff appearing to be a "high risk" candidate for insurance and having difficulty obtaining reasonably priced insurance coverage. (Compl. ¶¶ 18–20, 36–38, 42–44). These three claims stem from Defendant's actions and responsibilities as a furnisher of information to

CLUE, a Consumer Reporting Agency. These claims thus fail as they are preempted by federal law.

Section 1681t(b) of the FCRA, which discusses the statute's relationship to state laws, reads in pertinent part:

> No requirement or prohibition may be imposed under the laws of any State—
>
> (1) with respect to any subject matter regulated under—
>
> (F) section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies….

15 U.S.C.A. § 1681t(b). The Ninth Circuit has recognized a tension between § 1681t (b)(1)(F), which appears "to preempt all state law claims based on a creditor's responsibilities under § 1681s2," and § 1681h(e), which "suggests that [claims in the nature of defamation, invasion of privacy, or negligence] can proceed against creditors as long as the plaintiff alleges falsity and malice." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1166 (9th Cir. 2009). This Court has previously held that § 1681t(b)(1)(F) "'preclude[s] all state common law and statutory claims, to effect Congress' intent to limit a plaintiff's recovery against furnishers of credit information to only remedies provided under the FCRA.'" *Aquino v. PNC Mortgage*, No. 2:15–cv–00068–GMN–GWF, 2015 WL 6432944, at *3 (D. Nev. Oct. 21, 2015) (quoting *O'Connor v. Capital One, N.A.*, No. CV 14-00177-KAW, 2014 WL 2215965, at *8 (N.D. Cal. May 29, 2014)). Accordingly, the Court finds that Plaintiff's negligence, false light, and defamation claims are preempted by the FCRA.

**B. Fraudulent or Negligent Misrepresentation**

To state a claim for fraudulent or intentional misrepresentation, a plaintiff must allege three factors: (1) a false representation by the defendant that is made with either knowledge or belief that it is false or without sufficient foundation; (2) an intent to induce another's reliance; and (3) damages that result from this reliance. *See Nelson v. Heer*, 163 P.3d 420, 426 (Nev.

2007).  A claim of "fraud or mistake" must be alleged "with particularity." Fed. R. Civ. P. 9(b). Pleading with particularity means plaintiffs alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Additionally, Nevada has adopted the Restatement (Second) of Torts § 552 definition of the tort of negligent representation:

> One who, in the course of his business, profession or employment, or in any other action in which he has a pecuniary interest, supplies *false information* for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998) (emphasis added).  Thus, in order to possibly succeed under either a negligent or intentional misrepresentation claim, Plaintiff must first show that Defendant made a representation that was false.

Here, Plaintiff relies solely on the March 27, 2014 letter ("Letter") sent from Defendant as the foundation of the alleged misrepresentations.  Specifically, Plaintiff alleges Defendant falsely represented that it had corrected the error on Plaintiff's CLUE report. (Compl. ¶¶ 12–13).[1]  However, the contents of the Letter belie Plaintiff's allegations.  While Plaintiff alleges that Defendant misrepresented that it had corrected the error on Plaintiff's CLUE report in the Letter, the Letter actually notified Plaintiff that Defendant had "provided a correction form and forwarded [it] to CLUE on [his] behalf," that "[it] typically takes about 30 days for CLUE to correct the claim information in their records," and finally requested that Plaintiff provide Defendant with a copy of his CLUE report if he wanted Defendant to investigate further. (*See*

---

[1] The Court refrains to address Plaintiff's assertion regarding misrepresentations made to Ruth Newberry as under Nevada law, misrepresentations must be made to the plaintiff, not a third-party, to be actionable. *See Epperson v. Roloff*, 719 P.2d 799, 802 (Nev. 1986).

Ex. 4 to Compl., ECF No. 1-2). Taking these representations in a light most favorable to Plaintiff, the Court finds that the representations in the Letter do not indicate that Defendant had corrected the error. As the Court does not find that the Defendant made any false representations in the Letter and Plaintiff does not allege any further false representations, the Court grants Defendant's Motion to Dismiss as to this claim.

### C. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

The Court finds that Plaintiff may be able to plead additional facts to support his intentional, fraudulent, or negligent misrepresentation claim. Moreover, Plaintiff may be able to plead claims under the FCRA. Accordingly, the Court grants Plaintiff leave to file an amended complaint.

Plaintiff shall file his amended complaint within fourteen (14) days of the date of this Order if he can allege sufficient facts that plausibly establish an intentional, fraudulent, or negligent misrepresentation claim or FCRA claims. Failure to file an amended complaint will result in Plaintiff's case being dismissed with prejudice.

### IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 20) is **GRANTED**. Accordingly, Plaintiff's claims of negligence, false light, and defamation are

dismissed with prejudice.  Moreover, Plaintiff's intentional, fraudulent, or negligent misrepresentation claim is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall file its second amended complaint within fourteen (14) days of the date of this Order if he can allege sufficient facts that plausibly establish an intentional, fraudulent, or negligent misrepresentation claim or FCRA claims. Failure to file an amended complaint will result in Plaintiff's case being dismissed with prejudice.

**DATED** this __14_ day of April, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge